**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KIMBERLY DANIELS,**<br>**Plaintiff,**<br>**v.**<br>**HOUSING AUTHORITY OF GLOUCESTER COUNTY,**<br>**Defendant.** | **Case No. 26–cv–11230–ESK–MJS**<br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on the amended application (Application) of *pro se* plaintiff Kimberly Damiels to proceed *in forma pauperis* (IFP) (ECF No. 6); and plaintiff having brought this action against defendant Housing Authority of Gloucester County; and the Court finding,

1. Pursuant to 28 U.S.C. § 1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

2. Plaintiff's affidavit in support of the Application sufficiently establishes an inability to pay the Court's fees.

3. The Court shall accordingly screen the action to determine whether plaintiff's complaint (Complaint) (ECF No. 1 (Compl.)): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts

in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4. When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5. A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555. A complaint fails to satisfy Rule 8 when the court must sift through irrelevant or unclear allegations to discern the claims asserted, such as where it (a) "contain[s] multiple counts where each count adopts the allegations of all preceding counts"; (b) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (c) fails to separate "into a different count each cause of action or claim for relief"; or (d) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

6. Here, the Complaint does not meet the above standards. Plaintiff alleges that defendant's failure to reasonably accommodate her disabilities prevented her from housing opportunities and caused her economic loss and emotional distress. (Compl. pp. 2, 6.) Plaintiff notes that because defendant did not respond to her accommodation request or complete the physical mail recertification requirements, her contract with the Housing Assistance Payment (HAP) program was terminated. *Id.* Plaintiff's HAP contract was ultimately reinstated, and the New Jersey Division on Civil Rights issued a finding of probable cause concluding that defendant failed to "engage in interactive discourse with [p]laintiff regarding her accommodation request." (*Id.* at p. 3.) Plaintiff seeks relief for disability discrimination and retaliation under the Fair Housing Act, Rehabilitation Act, and the New Jersey Law Against Discrimination (NJLAD).

7. Pursuant to the Fair Housing Act and Rehabilitation Act, it is "illegal to discriminate against any persons in the terms, conditions, or privileges of sale or rental of a dwelling … because of a handicap of that person." 42 U.S.C. § 3604(f)(2); *see Antonelli v. Gloucester Cnty. Hous. Auth.*, No. 19-16962, 2019 WL 5485449, at *6 (D.N.J. Oct. 25, 2019). A reasonable accommodation claim requires "(1) a refusal to make, (2) reasonable accommodation in rules, policies, practices, or services, (3) when such accommodations may be (a) necessary to afford such persons (b) equal opportunity to use and enjoy a dwelling." *Vorchheimer v. Philadelphian Owners Ass'n.* 903 F.3d 100, 105 (3d Cir. 2018). Thus, the requested change must address a disability-related barrier to equal housing opportunity. (*Id.*) A plaintiff must also establish a nexus between the requested accommodation and their necessity to provide handicapped individuals with equal opportunity to enjoy housing. *Antonelli,* 2019 WL 5485449. Here, plaintiff requested email delivery of all housing communication. (Compl. pp. 5–8.) The complaint does not identify her impairment or explain how email communication addresses the gap in equality. As it relates to the denial of the four-bedroom accommodation request, this was accompanied by a physician's verification form in support of the request. (*Id.* at p. 4.) But there is no explanation as to the disability-related limitation or explain what necessity the fourth bedroom would meet.

8. Plaintiff fails to make plausible claims under which relief can be granted under the Rehabilitation Act. Under § 504 of the Rehabilitation Act "public entities must reasonably modify their policies, practices, and procedures to avoid discrimination against individuals with disabilities, as long as modification does not fundamentally alter the nature … of services, programs, or activities, or otherwise impose undue burden." *Kongtcheu v. Constable*, No. 12-cv-6872, 2016 WL 270075, at *4 (D.N.J. Jan. 20, 2016); *see also Juvelis v. Snider*, 68 F.3d 648, 653 (3d Cir. 1995). The discrimination must be a result of the disability. *Furgess v. Pa. Dep't of Corr.,* 933 F.3d 285 (3d Cir. 2019). Here, plaintiff has not alleged discrimination under the Rehabilitation Act because there is no showing that the failure to accommodate was due to her disability.

9. Pursuant to § 3617 of the Fair Housing Act, "it shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise of enjoyment of, or on account of his having exercise or enjoyed … any right granted or protected." 42 U.S.C. § 3617. The supplied allegations do not adequately plead the casual connection. Plaintiff alleges defendant retaliated against her by sending a utility check in December 2025 and later demanded repayment. (Compl. p. 6.) But no facts are supplied linking that demand to her accommodation requests.

10. Furthermore, plaintiff has not pleaded her NJLAD claim sufficiently, she simply incorporated the rest of the facts of her complaint without explanation. (*Id.* at p. 7.)

Accordingly,

**IT IS** on this **21st** day of **September 2026** **ORDERED** that:

1. The Application (ECF No. 6) is **GRANTED.**

2. The Complaint is **DISMISSED without prejudice**. Plaintiff may file an amended complaint by **October 21, 2026** addressing the deficiencies outlined above. If plaintiff fails to timely submit an amended complaint, the Court reserves the right to automatically convert the dismissal to a dismissal with prejudice without further action.

3. The Clerk of the Court is directed to close this action and send a copy of this Order to plaintiff by regular mail.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**